**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4552

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD C. CROW, a/k/a Edward Crow,

Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Parkersburg.  Joseph R. Goodwin,
Chief District Judge.  (6:06-cr-00260)

Submitted:  November 2, 2007      Decided:  November 14, 2007

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Remanded by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Lex A. Coleman, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Lisa Grimes
Johnston, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward C. Crow pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2)(2000), was sentenced to 235 months' imprisonment followed by five years of supervised release, and was ordered to pay restitution to the West Virginia Crime Victims Fund in the amount of $10,527. After Crow appealed his sentence and challenged the court's order of restitution, Crow and the Government filed a joint motion to remand for resentencing. We grant the motion.

A district court's order of restitution is reviewed for abuse of discretion. United States v. Henoud, 81 F.3d 484, 487 (4th Cir. 1996). By definition, a court abuses its discretion when it makes an error of law. EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir. 2005), cert. denied, 547 U.S. 1041 (2006).

Under the Victim and Witness Protection Act ("VWPA"), the district court may order a defendant to pay restitution to any victim of an offense of conviction. See 18 U.S.C.A. § 3663(a)(1)(A) (West 2000 & Supp. 2007); United States v. Blake, 81 F.3d 498, 506 (4th Cir. 1996) (authority of district court to order restitution is limited to terms of VWPA). An individual is a victim under § 3663 if the act that harms him is either conduct underlying an element of the offense of conviction, or an act taken in furtherance of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the offense

of conviction.  <u>See</u> <u>Blake</u>, 81 F.3d at 506; <u>see also</u> <u>Hughey v.</u> <u>United States</u>, 495 U.S. 411, 413 (1990) (restitution allowed only for loss caused by the specific conduct that is the basis of the offense of conviction).

In this case, the elements of the offense of conviction, possession of a firearm by a convicted felon are: (1) the defendant was previously convicted of a felony; (2) the defendant possessed a firearm; and (3) the possession was in or affected interstate commerce.  18 U.S.C. § 922(g)(1).  Use of the firearm to shoot the victim, as occurred in this case, is not an element, nor is it conduct underlying an element of the offense of conviction. Accordingly, because the restitution order was not authorized under the VWPA, we grant the parties' motion to remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REMANDED</u>